Totten, J.,
delivered the opinion of the court.
The action is covenant on an agreement for the conveyance of land. A verdict being rendered for the plaintiff, for $1227 50, the defendant moved in arrest, and the judgment was arrested, from which judgment in arrest, the plaintiff has appealed in error to this court.
The case turns, therefore, upon the sufficiency of the declaration, and the case made by it, is briefly this : On the 7th September, 1846, the defendant sold to Vim. J. Given, the plaintiff’s testator, one hundred and sixty-two acres of land, in White county, for the consideration of $580, to be thereafter paid. The covenant of the vendor was, that he would make a good and sufficient title to the land when the purchase money should be fully paid. Part of the purchase money was paid, but a balance yet remained unpaid at the institution of *301 the suit, and of which there had been no tender of payment. But it is averred, in avoidance of the necessity of a tender, that the vendor had not at the date of the agreement, or since that time, a valid title to the land, so as to enable him to make a conveyance thereof, and that the vendee was ready and willing, and since his death, his executor was ready and willing to pay the balance of the purchase money on receiving a valid title to the land. The breach assigned is, that the defendant hath not made or been able to make a good and valid title according to his said covenant. Such is the case made by the averments in the declaration. There are other averments not material to the case, and which may be considered as surplusage.
Now, regarding the case, as we must do, in a legal point of view, without any reference to the manner in which it would be viewed and treated by a court of equity, for which forum it would seem to be a very proper case, we are clearly of opinion, that it does not show any title to a recovery, as upon a breach of the defendant’s covenant. The action iá founded upon the covenant to convey; but that covenant depends upon the condition precedent or at least concurrent, that the purchase money should first be paid. The agreement was, that the title should be made, when the purchase money should be fully paid. The vendee must, therefore, aver performance on his part, that is, payment or its equivalent, aten-der and refusal. Without this, he does not put the vendor at fault, nor has there been any breach of the covenant, and consequently no right of action upon the covenant has accrued to the vendee, or those who legally represent his rights, in this respect. If the vendee had paid or tendered the purchase money, and demanded a title in conformity to the covenant, he would not have been compelled to have accepted a defective title, and a tender of such title would not have been a performance of the covenant. On the contrary, a failure to make a good *302 and sufficient title in such case, would have been a breach of the covenant. But the plaintiff, while suing on the contract and thereby affirming' it, has not placed himself in a situation to aver that the defendant has no title, because he does not show that he has any right to demand it. It was competent for the plaintiff to rescind the contract, and recover back his purchase money, if in point of fact, the defendant had no title; but in such case the action proceeds upon the ground of a disaffirmance of the contract. Ellet vs. Maynard, 5 Johns. Rep. 85, Weaver vs. Bently, 1 Cain’s Rep. 47. In Sugden on Vendors, 233, margin, it is said, that “where the purchaser has paid any part of the purchase money, and the seller does not complete his engagement, so that the contract is totally unexecuted, he, the purchaser, may affirm the agreement, by bringing an action for the non-performance of it, or he may elect to disaffirm the agreement ab initio, and may bring an action for money had and received to his use.”
But it is to be understood, that if the vendee affirm the contract by suing upon it, he must have performed or tendered performance of his part of it, before he shall be allowed to recover damages for the non-performance of a defendant covenant of the other party. And we may observe that, whether the contract shall be affirmed or rescinded, is very material as regards the amount of the recovery; in the former case it is the value of the land at the time of the breach; in the latter, it is the money paid and interest, although the estate has risen in value. 1 Sugden on Vend. 234, margin ; Shaw vs. Wilkins, 8 Hum. Rep. 653.
Let the judgment, in arrest, be affirmed.